**JS-6**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA MARTINEZ, individually, and on behalf of all other similarly situated current and former employees of Equinox Fitness Santa Monica, Inc.,<br><br>               Plaintiff,<br><br>    vs.<br><br>EQUINOX FITNESS SANTA MONICA, INC., a California corporation; and DOES 1 through 100, Inclusive,<br><br>               Defendants. | CASE NO. CV 09-01257 RGK (PLAx)<br><br><br>**ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT** |

On February 20, 2009, The Equinox Group, Inc. ("Equinox Group") removed this action from the Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act ("CAFA").

On March 3, 2009, the Court issued an Order to Show Cause Re Lack of Jurisdiction ("OSC"), which required Equinox Group to submit evidence establishing its standing to remove, and the Court's subject matter jurisdiction over, this action. Equinox Group timely responded to the OSC. Plaintiff Alicia Martinez, on her own behalf and on behalf of all others similarly situated ("Plaintiff") filed a Response to the OSC on March 19, 2009.

1  For the following reasons, the Court finds that Equinox Group lacked standing to remove, and

2  the Court lacks subject matter jurisdiction over, this action.

3

4  **A.      Equinox Group Lacked Standing to Remove this Action**

5

6  The general removal statute provides that "any civil action brought in a State court of which the

7  district courts of the United States have original jurisdiction, may be removed by the *defendant* or the

8  *defendants*, to the district court of the United States for the district and division embracing the place

9  where such action is pending." 28 U.S.C. § 1441 (emphasis added).

10  Here, the Court finds that Equinox Group lacked standing to remove this action because it does

11  not qualify as a *defendant* for purposes of the general removal statute. In fact, Equinox Group is not

12  even a party to this action. Thus, Equinox Group's removal of this action was improper.

13

14  **B.      The Court Must Decline Jurisdiction Pursuant to 28 U.S.C. § 1332(d)(4)**

15

16  CAFA requires minimal, not complete, diversity of citizenship between the plaintiffs and

17  defendants. 28 U.S.C. § 1332(d)(2). The minimal diversity requirement is met if any member of the

18  class of plaintiffs is a citizen of a state different from any defendant. *Id.*

19  Despite the requirement of only minimal diversity, CAFA contains safeguards that prevent

20  litigants from flooding federal courts with class actions involving disputes between citizens of the forum

21  state. One such safeguard is CAFA's mandate that a district court must decline to exercise jurisdiction

22  over a class action if two-thirds or more of the members of all proposed plaintiff classes and the primary

23  defendants, are citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(4).

24  Here, the Court declines to exercise jurisdiction over this action because at least two-thirds of the

25  members of the proposed plaintiff class and the *only* named defendant in this action are citizens of

26  California. First, Plaintiff's Complaint alleges, and Equinox Group apparently concedes, that "100% of

27  the putative classes are residents and citizens of California." (Compl. ¶¶ 2-3; Equinox Group's Memo.

28

2

1  Re Diversity 4.) Second, the *only* named defendant in this action is Equinox Fitness Santa Monica, Inc.,

2  which is a California corporation. (Compl. ¶ 4.) Thus, since at least two-thirds of the proposed plaintiff

3  class and the *only* named defendant are citizens of California, the Court must decline to exercise

4  jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(4).[1]

5      In light of the foregoing, the above-entitled case is ordered **remanded** to Superior Court for all

6  further proceedings for lack of subject matter jurisdiction.

7

8  DATED:  March 27, 2009                                    _____

9                                                                     **R. GARY KLAUSNER**
                                                                      **UNITED STATES DISTRICT JUDGE**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
_____

27      [1]  Since all plaintiffs are not diverse from all defendants, the Court also lacks diversity
subject matter jurisdiction under 28 U.S.C. § 1332(a).

28